# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**MICHELLE MCREYNOLDS, o/b/o**
**SHAQUIELLA M. THOMAS**

      Plaintiff,

vs.                                                          CASE NO. 1:07CV138-MP/AK

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications on behalf of her daughter, Shaquiella, for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.**  **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on January 11, 2006, alleging a disability onset date of December 1, 2005, because of asthma. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on November 13,

2006, and entered an unfavorable decision on January 24, 2007. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

## B.     FINDINGS OF THE ALJ

The ALJ found that the child suffered from asthma, which was severe within the meaning of the Act, but that the condition did not meet the requirements of the listings for disability in that it causes only minimal functional limitations. Specifically, the ALJ found that the child had no limitation in any domain of functioning with the exceptions of attending and completing tasks, and physical health, but that limitations in these domains were less than marked.

## C.     ISSUES PRESENTED

Plaintiff argues that the ALJ did not obtain a knowing and intelligent waiver regarding the right to counsel and the lack of counsel was prejudicial.

The government responds that Plaintiff was repeatedly advised of her right to counsel, she signed a waiver, and verbally waived this right again at the hearing. Although Plaintiff claims that counsel would have obtained her school records to show that she missed more days from school than was testified to at the hearing, this factor alone would not have been met the listing requirements since there was still no evidence of hospitalizations for asthma, her grades at school were above average and she participated in the gifted program, and the record overall was complete.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:07CV138-MP/AK**

**D.     STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:07CV138-MP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

Childhood disability is defined by the regulations:

An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which have lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382c(a)(3)(C)(1).

The regulations set forth a three-step sequential evaluation process:

1. The ALJ must determine if the child is performing substantial gainful activity;
2. If not, the ALJ must determine whether the child's impairments are severe; and
3. If severe, the ALJ must determine whether the impairments meet or equal the severity of a listed impairment. 20 CFR §416.924.

If the ALJ finds that the impairments are severe, but do not meet the listing requirements, he may find that the impairments result in limitations that functionally equal the listings. 20 CFR § 416.926a. To establish functional equivalence in step 3, the ALJ must have a medically determinable impairment that results in marked limitations in two functional domains or an extreme limitation in one domain. 20 CFR § 416.926a(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 CFR 416.926a.

**No. 1:07CV138-MP/AK**

**E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

The medical evidence supports a finding that Plaintiff's asthma responds well to treatment and causes infrequent flair ups requiring treatment.  Even if the condition were found to cause her more frequent school absences than reported in the present record, she has still proved to be a highly successful student who makes high grades even in the gifted program.   None of the school records submitted indicate a problem with her attendance.

**F.     SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff was 13 at the time of the hearing and was accompanied by her mother. (R. 240).  At the beginning of the hearing, Ms. McReynolds was asked if she understood that she had the right to be represented by counsel and she said she understood.  (R. 240).  The child was asked about how many times she had gone to the emergency room in the last year and she said two times.  (R. 244).  She said the medication was "helping me good."  (R. 245).  She used it only when necessary and got relief with two puffs.  (R. 248-249).  The mother reported that she had recently been kept home from school for two days, but that she had not been hospitalized.  (R. 245-247).  Plaintiff did not participate in PE classes, but was otherwise getting good grades .  (R. 247).

**G.     DISCUSSION**

An ALJ has a clear duty to fully and fairly develop the administrative record. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995).  This duty is heightened where a claimant is unrepresented, and this special duty essentially requires the development of

a record that shows the claimant was not prejudiced by lack of counsel. Id.; Ellison v. Barnhart, 355 F.3d 1272 (11th Cir. 2003). In carrying out this duty, an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Smith v. Schweiker, 677 F.2d 826 (11th Cir. 1982). In all such cases, there must be a showing of prejudice before remand is warranted for further development. Brown, 44 F.3d at 935; Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Prejudice has been found when the record has "evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935, *quoting* Ware v. Schweiker, 651 F.2d 408 (5th Cir. Unit A July 1981), cert. denied 455 U.S. 912.

Listing 103.03 for childhood asthma requires attacks "in spite of prescribed treatment" and intervention by a physician at least 6 times a year and Plaintiff does not argue that this requirement or any other requirement of this listing is met. Indeed, the medical evidence does not support such a finding. Thus, even if the information that Plaintiff contends should have been obtained by the ALJ or would have been obtained if Plaintiff had counsel (her school records), such information would not have affected the

development of the medical record which does not meet the listing requirements.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 27th day of January, 2009.

*s/ A. KORNBLUM*
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:07CV138-MP/AK**